UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, et al.,<br>　　　　*Plaintiffs*<br><br>　　　　　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br>　　　　*Defendants*. | Case No. 1:25-cv-00943 (TNM) |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR INJUNCTION PENDING APPEAL**

In light of the serious legal questions presented, the risk of irreparable harm, and the balance of the equities, an injunction pending appeal is warranted in this case. Contrary to Defendants' persistent mischaracterizations, the Interim Final Rule (IFR) is a dramatic change in course, implementing universal mandatory registration for the first time and altering the rights and interests of millions of noncitizens who previously had no method to register with new registration, fingerprinting, and carry requirements on the threat of criminal prosecution. And those prosecutions have already begun.

In their opposition, Defendants fail to meaningfully grapple with Plaintiffs' evidence and arguments in support of standing and repeat their erroneous positions on the merits of the Administrative Procedure Act (APA) claims. Defendants also reiterate their claim that the government's decision not to implement universal registration for over eighty years cannot estop them from expanding enforcement now. But Plaintiffs make no such argument. They merely ask that when the government effectuates such a significant change in policy, it follows the procedural and substantive requirements of the APA. "If men must turn square corners when they

1

deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them." *Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021); *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 24 (2020).

Plaintiffs do not ask the Court to reverse itself. Instead, Plaintiffs respectfully request that the Court enter an injunction to preserve the status quo ante and protect Plaintiffs and their members from irreparable harm while the Court of Appeals considers these serious legal questions.[1]

## I.   PLAINTIFFS HAVE ESTABLISHED STANDING

Plaintiffs have offered evidence and argument sufficient to show both associational and organization standing. Mot. for Injunct. (ECF 42) at 4-15. At a minimum, they have established serious legal questions regarding this Court's rejection of standing. *See MediNatura, Inc. v. FDA*, No. 20-cv-2066 (RDM), 2021 WL 1025835, at *6 (D.D.C. Mar. 16, 2021).

With respect to the evidence Plaintiffs have offered to show associational standing, Defendants reiterate the Court's concerns regarding double-hearsay, Opp'n (ECF 45) at 6, without acknowledging that the individual member declarations Plaintiffs have now submitted— as they indicated they could at the preliminary injunction hearing—constitute only one layer of hearsay and are indisputably admissible at the preliminary injunction stage. *See* Notice of Supp. Auth. (ECF No. 26) (citing cases); *see also A. A. R. P. v. Trump*, No. 24-1177, 2025 WL 1417281, at *3 (U.S. May 16, 2025) (granting an injunction pending further proceedings based on layers of hearsay evidence in declarations).

---

[1] Plaintiffs have also sought an injunction pending appeal from the Court of Appeals. *See* Motion for Injunction Pending Appeal, No. 25-5152 (D.C. Cir. filed May 2, 2025).

For the first time, Defendants now purport to object to the use of pseudonyms, but they do not "seriously dispute" the veracity of those declarations, *NAACP v. Trump*, 298 F. Supp. 3d 209, 225 (D.D.C. 2018), which attest to basic biographical information showing that each member much register. As Plaintiffs have already explained, pseudonymous member declarations are routinely relied on to show associational standing. *See* Mot. for Injunct. (ECF 42) at 4-5 (citing cases).

The cases Defendants rely upon are inapposite. In *Young America's Foundation v. Gates*, the court pointed to a particular factual question left unanswered by the pseudonymous member declarations (whether they were still students) but nevertheless relied on those same pseudonymous declarations to find that the members had shown a cognizable injury-in-fact. 560 F. Supp. 2d 39, 50 (D.D.C. 2008). In *Doe v. Von Eschenbach*, the individual plaintiffs sought to proceed by pseudonym and the court denied the request, finding that depriving the defendants of the individual plaintiffs' names prevented defendants from resolving specific factual questions necessary to determine standing. No. CIV.A.06 2131 RMC, 2007 WL 1848013, at *3 (D.D.C. June 27, 2007) (noting that plaintiffs failed to provide certain "specific facts" regarding their anthrax vaccination obligations needed to establish standing). By contrast, Defendants have not identified any missing facts in Plaintiffs' undisputed declarations from organizational representatives and individual members, and have not even suggested that the use of pseudonyms has impaired their ability to litigate the legal issues in this case. At a minimum, this evidence provides the detail necessary to establish standing at this early stage in the case. *See League of United Latin Am. Citizens v. Exec. Off. of the President*, No. CV 25-0946 (CKK), 2025 WL 1187730, at *24 (D.D.C. Apr. 24, 2025) (citing *Ala. Legislative Black Caucus v. Alabama*, 575 U.S. 254, 271 (2015), *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701,

718 (2007), and *Mi Familia Vota v. Fontes*, 129 F.4th 691, 709 (9th Cir. 2025)); *see id.* at *32 (relying on organizational declaration and proffer of pseudonymous member declaration to find standing at preliminary injunction stage). To the extent the Court continues to have doubts, Plaintiffs reiterate that they will provide unredacted member declarations under seal for *in camera* review upon request. Notably, Defendants have not responded to Plaintiffs' suggestion of a protective order. *See* Mot. for Injunct. (ECF 42) at 5.

      Moving past these evidentiary issues, Defendants' opposition is notable for what they do not address. Defendants do not even cite, let alone attempt to distinguish, binding Supreme Court precedent—including precedent post-dating *TransUnion*—establishing that directly regulated parties have standing. *See* Mot. for Injunct. (ECF 42) at 5-6 (citing *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367 (2024), *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992), *City of Clarksville v. FERC*, 888 F.3d 477 (D.C. Cir. 2018), and *State Nat. Bank of Big Spring v. Lew*, 795 F.3d 48 (D.C. Cir. 2015)). Those cases make clear that a new regulatory obligation *is* a concrete injury traditionally recognized by the courts as sufficient for Article III standing. *See id.* (explaining that *TransUnion*, which did not involve a directly regulated party, simply held that "uninjured" parties lack standing even where Congress provided a statutory cause of action). Defendants do not contest a host of other cognizable injuries to Plaintiffs' members. They make no mention of the financial and privacy injuries that Plaintiffs' members suffer under the IFR and which are traditionally recognized as the basis for lawsuits. Mot. for Injunct. (ECF 42) at 6-7. They do not acknowledge those members who cannot access the IFR process at all or those pursuing Congressionally authorized immigration relief who face the risk of removal. *Id.* at 7. And they have no meaningful response to the constitutional injuries—including the chilling of speech—Plaintiffs articulate. *Id.* at 7-11.

4

Instead, Defendants maintain that Plaintiffs' members cannot establish standing because it is the statute, and not the IFR, that is causing their injury. Opp'n (ECF 45) at 7. But this improperly conflates standing with the merits. *See Tanner-Brown v. Haaland*, 105 F.4th 437, 444 (D.C. Cir. 2024). Moreover, Defendants' assertion is a red herring—Plaintiffs' members would not experience these injuries *but for* the specific requirements introduced by the IFR. *See* Mot. for Injunct. (ECF 42) at 6-7 (pointing to, among other things, wage loss from the new registration process, private information collected by Form G-325R, and the chilling effect of that collection). Defendants' position that IFR does not impose new obligations is simply wrong for the reasons discussed at length in the preliminary injunction briefing.

With respect to Plaintiff CHIRLA's standing as an organization, Defendants mischaracterize CHIRLA's injuries as "an expansion" of its core functions. Opp'n (ECF 45) at 5. As Plaintiffs have discussed at length, the IFR is harming those core functions by, *inter alia*, reducing the number of immigration cases CHIRLA can take on and threatening its grant funding, ultimately leading to a *reduction* in its funding and services rather than an expansion. Mot. for Injunct. (ECF 42) at 13-15. This is a meaningful threat to CHIRLA and its work—at least enough to show that its functions are "perceptively impaired." *People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 797 F.3d 1087, 1100 (D.C. Cir. 2015) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)).

Plaintiffs' evidence and legal argument establish standing or, at a minimum, serious legal questions regarding their standing sufficient to support an injunction pending appeal.

**II.     THE IFR VIOLATES THE APA**

Defendants criticize Plaintiffs for not repeating their arguments on the merits of their APA claim. However, given that the Court has not yet addressed that claim, Plaintiffs incorporate

their comprehensive briefing in support of their motion for a stay or preliminary injunction into their request for an injunction pending appeal. *See* Mem. Supp. Stay or Prelim. Inj. (ECF No. 4-1) at 10-28; Mem. on Reply (ECF No. 20) at 9-18. Defendants' opposition merely repeats (sometimes word-for-word) arguments made in opposition to that motion. Those arguments fail for the reasons stated in Plaintiffs' prior briefing and oral argument. *See* Mem. Order (ECF No. 27) at 2-4; Hrg. Tr. (ECF 42-1) 22:5-8 (The Court: "[T]his is a pretty big switcheroo from what's been happening, and that the case law and the [Administrative Procedure Act] would require something more than what you've done to implement this rule.").

### III. THE IRREPARABLE INJURIES AND THE EQUITIES FAVOR AN INJUNCTION

The remaining factors tip sharply in favor of an injunction. Defendants have no response to Plaintiffs' irreparable injuries, nor do they dispute that they are currently criminally prosecuting those newly required to register. *See* Mot. for Injunct. (ECF No. 42) at 16-17; *see also* Aaron Torres, *Texas man charged with failing to register as an undocumented migrant*, Dallas News (Apr. 29, 2025), https://www.dallasnews.com/news/immigration/2025/04/29/texas-man-charged-with-failing-to-register-as-an-undocumented-migrant/. With respect to the equities, Defendants revert to their estoppel argument, suggesting that Plaintiffs are seeking to prevent them from enforcing the law. But Plaintiffs are doing no such thing—rather, Plaintiffs simply ask that the government itself follow the law. "[I]t has been well established in this Circuit that '[t]he public interest is served when administrative agencies comply with their obligations under the APA.'" *Ramirez v. U.S. Immigr. & Customs Enf't*, 568 F. Supp. 3d 10, 35 (D.D.C. 2021) (quoting *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 191 (D.D.C. 2015)) (collecting cases). The equities particularly favor an injunction where Plaintiffs "seek to preserve the status quo" that, until a

month ago, had prevailed in this country since the end of World War II. *Texas Child.'s Hosp. v. Burwell*, 76 F. Supp. 3d 224, 245 (D.D.C. 2014).

## CONCLUSION

Plaintiffs respectfully request that the Court enter an injunction pending appeal.

Dated: May 23, 2025

Respectfully submitted,

*/s/ Michelle Lapointe*

| | |
|---|---|
| Lynn Damiano Pearson* | Michelle Lapointe (DC Bar No. 90032063)* |
| Cassandra Charles* | (admission pending) |
| Joanna Cuevas Ingram* | Emma Winger (DC Bar No. 90010721) |
| National Immigration Law Center | Leslie K. Dellon (DC Bar No. 250316) |
| P.O. Box 34573 | Chris Opila (DC Bar No. 90029724) |
| Washington, D.C. 20043 | American Immigration Council |
| Tel: (213) 639-3900 | PMB2026 |
| Fax: (213) 639-3911 | 2001 L Street, NW, Suite 500 |
| damianopearson@nilc.org | Washington, DC 20036 |
| charles@nilc.org | Tel: (202) 507-7645 |
| cuevasingram@nilc.org | ewinger@immcouncil.org |
| | mlapointe@immcouncil.org |
| | ldellon@immcouncil.org |
| | copila@immcouncil.org |
| Jennifer R. Coberly (DDC Bar No. 90031302) | Cody Wofsy (DDC Bar No. CA00103) |
| American Immigration Lawyers Association | American Civil Liberties Union Foundation, |
| 1331 G. St. NW | Immigrants' Rights Project |
| Washington, DC 20005 | 425 California St, 7th Floor |
| Tel: (202) 507-7692 | San Francisco, CA 94104 |
| Jcoberly@AILA.org | Tel: (415) 343-0770 |
| | cwofsy@aclu.org |
| Nicholas Katz** | Anthony Enriquez (DDC Bar No. NY0626) |
| CASA, Inc. | Sarah T. Gillman (DDC Bar No. NY0316) |
| 8151 15th Avenue | Robert F. Kennedy Human Rights |
| Hyattsville, MD 20783 | 88 Pine Street, Suite 801 |
| Tel: (240) 491-5743 | New York, NY 10005 |
| nkatz@wearecasa.org | (917) 284-6355 |
| | enriquez@rfkhumanrights.org |
| | gillman@rfkhumanrights.org |

Sarah E. Decker (DDC Bar No. NY0566)
Robert F. Kennedy Human Rights
1300 19th Street NW, Suite 750
Washington, DC 20036
(202) 559-4432
decker@rfkhumanights.org

*Admitted Pro Hac Vice*
**Pro Hac Vice application forthcoming*