UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, et al., <br>    *Plaintiffs* <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, et al., <br>    *Defendants*. | Case No. 1:25-cv-00943 (TNM) |

**PLAINTIFFS' RENEWED MOTION FOR STAY UNDER 5 U.S.C. § 705 OR PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, INJUNCTION PENDING APPEAL**

Plaintiffs respectfully renew their request for a preliminary injunction. While they recognize the Court already held it would deny a preliminary injunction even given its recent conclusion that they have demonstrated standing, Plaintiffs seek a formal denial order incorporating the Court's current reasoning to facilitate appellate review.

1. This case is a challenge to an Interim Final Rule ("IFR") establishing a new system of universal noncitizen registration, breaking with 75 years of agency practice. *See* Order, ECF 27 at 2-4. Plaintiffs, four organizations with members who are required to register under the IFR, sued and sought a preliminary injunction and stay under 5 U.S.C. § 705. On April 10, this Court denied the motion, holding that Plaintiffs lacked standing to sue. *Id*. at 6-20. It did not address the other factors. *Id*.

Plaintiffs appealed and sought an injunction pending appeal from this Court on April 24. ECF No. 42. The Court declined to rule quickly, set a briefing schedule on the motion and scheduled a hearing for June 6. ECF No. 44.

1

Plaintiffs sought an injunction or stay from the Court of Appeals on May 2. No. 25-5152, Doc. No. 2114110. Given that this Court's decision turned entirely on standing, that issue was a central focus of briefing. *See id*. Doc. No. 2114110 at 6-14 (Plaintiffs' Motion); Doc. No. 2117122 at 10-15 (Opposition); Doc. No. 2118909 at 2-6 (Reply).

In the meantime, this Court issued an opinion denying the motion. ECF No. 53. In this Order, the Court concluded that "Plaintiffs have met their burden to show their members" have standing. *Id*. at 5. The Court concluded that the submission of individual declarations from members attesting to the facts reflected in the previously submitted organizational declaration "resolved the evidentiary issues" it had discerned in their original motion. *Id*. at 6. And the Court accepted Plaintiffs' explanation that "mere subjection to regulation confers a concrete injury." *Id*. at 6-7. That is, the Court resolved in Plaintiffs' favor the central issue that had been briefed before the Court of Appeals. No. 25-5152, Doc. No. 2114110 at 6-11.

However, the Court found that Plaintiffs failed to establish irreparable injury. ECF No. 53 at 7-12. The Court opined that Plaintiffs would have failed to establish such injury "even if this were a motion for preliminary injunction," but relied on the fact that the motion sought an injunction pending appeal to suggest that "the demand is higher still" in the current posture. *Id*. at 12.

Because the ground had shifted substantially since the parties briefed the motion pending before the Court of Appeals, Plaintiffs filed a motion to hold the current motion for injunction pending appeal in abeyance. *See* No. 25-5152, Doc. No. 2120804. They informed the Court of Appeals that they would be appealing this Court's denial of the injunction pending appeal, seeking a new preliminary injunction ruling, and seeking expedited summary judgment proceedings.

2. Plaintiffs hereby renew their request for a preliminary injunction or stay under 5 U.S.C. § 705. The Court's original denial order was based on a finding of lack of standing, but the Court has now determined that plaintiffs have standing to sue. The recent order denying an injunction pending appeal is grounded on the Court's conclusion that Plaintiffs lack irreparable injury, which was not addressed in the original order, from which the current appeal is pending.

Plaintiffs understand that this motion is a formality, as the Court has already indicated that it would deny a preliminary injunction on the same basis. ECF No. 53 at 12. But the procedural complexity of this case has led them to conclude it would be prudent to obtain a formal denial of a renewed preliminary injunction motion, reflecting or incorporating the Court's reasoning in its most recent opinion, to forestall any arguments or potential issues regarding the current appeal, appellate jurisdiction, and the appellate record. Because Plaintiffs have already briefed the issues and the court is familiar with them, Plaintiffs incorporate that briefing by reference in lieu of a new Statement of Points and Authorities. *See* ECF No. 4 (Motion for Stay or Injunction); ECF No. 14 (Opposition); ECF No. 20 (Reply).

Plaintiffs intend to renew their motion for an injunction or stay pending appeal before the Court of Appeals, addressing this Court's decision focused on irreparable injury. Because this Court has already denied a motion for injunction pending appeal, they do not believe it is necessary to renew that request as well. However, in an abundance of caution, Plaintiffs renew their motion for an injunction pending appeal pursuant to Fed. R. Civ. P. 8(a)(1)(C).

## **CONCLUSION**

The Court should grant a preliminary injunction or stay under 5 U.S.C. § 705 or, in the alternative, an injunction pending appeal.

Dated: June 18, 2025  Respectfully submitted,

/s/ Michelle Lapointe

| | |
|---|---|
| Lynn Damiano Pearson* | Michelle Lapointe (DC Bar No. 90032063) |
| Cassandra Charles* | Emma Winger (DC Bar No. 90010721) |
| Joanna Cuevas Ingram* | Leslie K. Dellon (DC Bar No. 250316) |
| National Immigration Law Center | Chris Opila (DC Bar No. 90029724) |
| P.O. Box 34573 | American Immigration Council |
| Washington, D.C. 20043 | PMB2026 |
| Tel: (213) 639-3900 | 2001 L Street, NW, Suite 500 |
| Fax: (213) 639-3911 | Washington, DC 20036 |
| damianopearson@nilc.org | Tel: (202) 507-7645 |
| charles@nilc.org | ewinger@immcouncil.org |
| cuevasingram@nilc.org | mlapointe@immcouncil.org |
| | ldellon@immcouncil.org |
| | copila@immcouncil.org |
| | |
| | Cody Wofsy (DDC Bar No. CA00103) |
| Jennifer R. Coberly (DDC Bar No. 90031302) | American Civil Liberties Union Foundation, |
| American Immigration Lawyers Association | Immigrants' Rights Project |
| 1331 G. St. NW | 425 California St, 7th Floor |
| Washington, DC 20005 | San Francisco, CA 94104 |
| Tel: (202) 507-7692 | Tel: (415) 343-0770 |
| Jcoberly@AILA.org | cwofsy@aclu.org |
| | |
| | Anthony Enriquez (DDC Bar No. NY0626) |
| Nicholas Katz** | Sarah T. Gillman (DDC Bar No. NY0316) |
| CASA, Inc. | Robert F. Kennedy Human Rights |
| 8151 15th Avenue | 88 Pine Street, Suite 801 |
| Hyattsville, MD 20783 | New York, NY 10005 |
| Tel: (240) 491-5743 | (917) 284-6355 |
| nkatz@wearecasa.org | enriquez@rfkhumanrights.org |
| | gillman@rfkhumanrights.org |
| | |
| | Sarah E. Decker (DDC Bar No. NY0566) |
| | Robert F. Kennedy Human Rights |
| | 1300 19th Street NW, Suite 750 |
| | Washington, DC 20036 |
| * *Admitted Pro Hac Vice* | (202) 559-4432 |
| ** *Pro Hac Vice application forthcoming* | decker@rfkhumanights.org |