UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, et al.,<br>        *Plaintiffs*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br>        *Defendants*. | Case No. 1:25-cv-00943 (TNM) |

**PLAINTIFFS' MOTION FOR EXPEDITED SUMMARY JUDGMENT BRIEFING SCHEDULE**

Plaintiffs respectfully move for the entry of an expedited summary judgment schedule, as set forth below.

1.  This case is a challenge to an Interim Final Rule ("IFR") establishing a new system of universal noncitizen registration, breaking with 75 years of agency practice. *See* Order, ECF 27 at 2-4. Plaintiffs, four organizations with members who are required to register under the IFR, sued and sought a preliminary injunction and stay under 5 U.S.C. § 705. On April 10, this Court denied the motion, holding that Plaintiffs lacked standing to sue. *Id*. at 6-20. It did not address the other factors. *Id*.

Plaintiffs appealed and sought an injunction pending appeal from this Court on April 24. ECF No. 42. The Court declined to rule quickly, set a briefing schedule on the motion and scheduled a hearing for June 6. ECF No. 44.

Plaintiffs sought an injunction or stay from the Court of Appeals on May 2. No. 25-5152, Doc. No. 2114110. Given that this Court's decision turned entirely on standing, that issue was a

1

central focus of briefing. *See id*. Doc. No. 2114110 at 6-14 (Plaintiffs' Motion); Doc. No. 2117122 at 10-15 (Opposition); Doc. No. 2118909 at 2-6 (Reply).

In the meantime, this Court issued an opinion denying the motion. ECF No. 53. In this Order, the Court concluded that "Plaintiffs have met their burden to show their members" have standing. *Id*. at 5. The Court concluded that the submission of individual declarations from members attesting to the facts reflected in the previously submitted organizational declaration "resolved the evidentiary issues" it had discerned in their original motion. *Id*. at 6. And the Court accepted Plaintiffs' explanation that "mere subjection to regulation confers a concrete injury." *Id*. at 6-7. That is, the Court resolved in Plaintiffs' favor the central issue that had been briefed before the Court of Appeals. No. 25-5152, Doc. No. 2114110 at 6-11.

However, the Court found that Plaintiffs failed to establish irreparable injury. ECF No. 53 at 7-12. The Court opined that Plaintiffs would have failed to establish such injury "even if this were a motion for preliminary injunction," but relied on the fact that the motion sought an injunction pending appeal to suggest that "the demand is higher still" in the current posture. *Id*. at 12.

Because the ground had shifted substantially since the parties briefed the motion pending before the Court of Appeals, Plaintiffs filed a motion to hold the current motion for injunction pending appeal in abeyance. *See* No. 25-5152, Doc. No. 2120804. They informed the Court of Appeals that they would be appealing this Court's denial of the injunction pending appeal, seeking a new preliminary injunction ruling, and seeking expedited summary judgment proceedings.

2. While appellate proceedings regarding the question of an injunction or § 705 stay proceed in the Court of Appeals, Plaintiffs move the Court to set an expedited summary judgment schedule, as set forth below.

Proceeding directly to summary judgment would permit the Court to promptly address the merits of this case. It is well established that, if Plaintiffs prevail on their merits claims, "the normal remedy" would be to vacate the offending IFR. *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014). And while vacatur may be inappropriate in some circumstances, failure to abide by notice-and-comment procedures "is a 'fundamental flaw' that almost always requires vacatur." *Id*. (quoting *Heartland Reg'l Med. Ctr. v. Sebelius,* 566 F.3d 193, 199 (D.C. Cir. 2009)); *see Nat. Res. Def. Council v. Wheeler*, 955 F.3d 68, 85 (D.C. Cir. 2020) (same). Irreparable injury is not part of the analysis, and so the Court's conclusions in its recent Order are no barrier to affording vacatur relief. *Oglala Sioux Tribe v. U.S. Nuclear Regul. Comm'n*, 896 F.3d 520, 535 (D.C. Cir. 2018) ("The irreparable harm standard . . . is not the standard for the 'less drastic' APA remedy of vacatur."); *cf Allina Health Servs.*, 746 F.3d at 1109 ("We have not been hospitable to government claims of harmless error in cases in which the government violated § 553 of the APA by failing to provide notice. The most egregious are cases in which a government agency seeks to promulgate a rule by another name—evading altogether the notice and comment requirements.").

Good cause exists for an expedited schedule. Even according to Defendants, the IFR is currently impacting millions of noncitizens across the country. *See* 90 Fed. Reg. 11793, 11797 (Mar. 12, 2025). In reality, the impact is even broader. *See* ECF No. 4-1 at 24-26 (discussing substantial impact on the public of universal registration and carry requirement). Furthermore, the parties have extensively briefed the merits and the Court is already familiar with the issues.

And the government has never offered an adequate justification for bypassing notice-and-comment procedures. To vindicate Plaintiffs' and the public's right to procedural regularity under the APA, the Court should put this litigation to rest by ordering accelerated summary judgment proceedings and ruling as soon as practicable.

Plaintiffs respectfully request the following schedule:

July 1: Defendants produce administrative record

July 11: Plaintiffs' Motion for Summary Judgment

July 21: Defendants' Opposition and Motion for Summary Judgment

July 28: Plaintiffs' Opposition and Reply

August 4: Defendants' Reply

==Plaintiffs conferred with Defendants regarding this motion, who indicated they oppose it.==

## CONCLUSION

The Court should enter an expedited summary judgment schedule.

Dated: June 18, 2025

Respectfully submitted,

*/s/ Michelle Lapointe*

Lynn Damiano Pearson*  
Cassandra Charles*  
Joanna Cuevas Ingram*  
National Immigration Law Center  
P.O. Box 34573  
Washington, D.C. 20043  
Tel: (213) 639-3900  
Fax: (213) 639-3911  
damianopearson@nilc.org  
charles@nilc.org  
cuevasingram@nilc.org  

Michelle Lapointe (DC Bar No. 90032063)  
Emma Winger (DC Bar No. 90010721)  
Leslie K. Dellon (DC Bar No. 250316)  
Chris Opila (DC Bar No. 90029724)  
American Immigration Council  
PMB2026  
2001 L Street, NW, Suite 500  
Washington, DC 20036  
Tel: (202) 507-7645  
ewinger@immcouncil.org  
mlapointe@immcouncil.org  
ldellon@immcouncil.org  
copila@immcouncil.org

Jennifer R. Coberly (DDC Bar No. 90031302)
American Immigration Lawyers Association
1331 G. St. NW
Washington, DC 20005
Tel: (202) 507-7692
Jcoberly@AILA.org

Nicholas Katz**
CASA, Inc.
8151 15th Avenue
Hyattsville, MD 20783
Tel: (240) 491-5743
nkatz@wearecasa.org

Cody Wofsy (DDC Bar No. CA00103)
American Civil Liberties Union Foundation,
Immigrants' Rights Project
425 California St, 7th Floor
San Francisco, CA 94104
Tel: (415) 343-0770
cwofsy@aclu.org

Anthony Enriquez (DDC Bar No. NY0626)
Sarah T. Gillman (DDC Bar No. NY0316)
Robert F. Kennedy Human Rights
88 Pine Street, Suite 801
New York, NY 10005
(917) 284-6355
enriquez@rfkhumanrights.org
gillman@rfkhumanrights.org

Sarah E. Decker (DDC Bar No. NY0566)
Robert F. Kennedy Human Rights
1300 19th Street NW, Suite 750
Washington, DC 20036
(202) 559-4432
decker@rfkhumanights.org

*Admitted Pro Hac Vice*
**Pro Hac Vice application forthcoming*