APPEAL,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–00943–TNM</u>
### *Internal Use Only*

COALITION FOR HUMANE IMMIGRANT RIGHTS et al v.
U.S. DEPARTMENT OF HOMELAND SECURITY et al
Assigned to: Judge Trevor N. McFadden
 Case in other court:  USCA, 25–05152
Cause: 05:551 Administrative Procedure Act

Date Filed: 03/31/2025
Jury Demand: None
Nature of Suit: 899 Administrative
Procedure Act/Review or Appeal of
Agency Decision
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**COALITION FOR HUMANE
IMMIGRANT RIGHTS**

represented by **Anthony Enriquez**
ROBERT F. KENNEDY HUMAN
RIGHTS
80 Pine Street
Suite 801
New York, NY 10005
917–941–9141
Email: <u>enriquez@rfkhumanrights.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emma Curtis Winger**
AMERICAN IMMIGRATION COUNCIL
Pmb2026
2001 L Street N.W.
Suite 500
Washington, DC 20036
202–507–7512
Email: <u>ewinger@immcouncil.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Lapointe**
AMERICAN IMMIGRATION COUNCIL
Pmb2026
2001 L Street N.W.
Suite 500
Washington, DC 20036
202–507–7645
Email: <u>mlapointe@immcouncil.org</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cassandra Charles**
NATIONAL IMMIGRATION LAW

CENTER
P.O. Box 34573
Washington, DC 20043
213–639–3900
Fax: 213–639–3911
Email: charles@nilc.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Chris Opila**
AMERICAN IMMIGRATION COUNCIL
Pmb2026
2001 L Street N.W.,
Suite 500
Washington, DC 20036
202–507–7699
Email: copila@immcouncil.org
*ATTORNEY TO BE NOTICED*

**Cody H. Wofsy**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street
Suite 7th Floor
San Francisco, CA 94104
415–343–0785
Email: cwofsy@aclu.org
*ATTORNEY TO BE NOTICED*

**Jennifer Coberly**
AMERICAN IMMIGRATION
LAWYERS ASSOCIATION
1331 G Street
Suite 300
20005
Washington, DC 20005
202–507–7692
Email: jcoberly@aila.org
*ATTORNEY TO BE NOTICED*

**Joanna Cuevas Ingram**
NATIONAL IMMIGRATION LAW
CENTER
P.O. Box 34573
Washington, DC 20043
213–377–5258
Fax: 213–639–3911
Email: cuevasingram@nilc.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leslie Karen Dellon**

AMERICAN IMMIGRATION COUNCIL
Pmb2026
2001 L Street N.W.
Suite 500
Washington, DC 20036
(202) 507–7530
Fax: (202) 742–5619
Email: ldellon@immcouncil.org
*ATTORNEY TO BE NOTICED*

**Lynn Damiano Pearson**
NATIONAL IMMIGRATION LAW
CENTER
P.O. Box 34573
Washington, DC 20043
213–639–3900
Fax: 213–639–3911
Email: damianopearson@nilc.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Decker**
ROBERT F. KENNEDY HUMAN
RIGHTS
Washington
1300 19th Street NW
Suite #750
20036
Washington, DC 20036
908–967–3245
Email: decker@rfkhumanrights.org
*ATTORNEY TO BE NOTICED*

**Sarah Telo Gillman**
ROBERT F. KENNEDY HUMAN
RIGHTS (RFK HUMAN RIGHTS)
88 Pine Street
Suite 801
New York, NY 10005
646–289–5593
Email: gillman@rfkhumanrights.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNITED FARM WORKERS OF**          represented by    **Anthony Enriquez**
**AMERICA**                                          (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Emma Curtis Winger**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

3

*ATTORNEY TO BE NOTICED*

**Michelle Lapointe**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cassandra Charles**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Chris Opila**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cody H. Wofsy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Coberly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joanna Cuevas Ingram**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leslie Karen Dellon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lynn Damiano Pearson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Decker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Telo Gillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**CASA, INC.**                    represented by    **Anthony Enriquez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emma Curtis Winger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Lapointe**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cassandra Charles**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Chris Opila**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cody H. Wofsy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Coberly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joanna Cuevas Ingram**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leslie Karen Dellon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lynn Damiano Pearson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Decker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Telo Gillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MAKE THE ROAD NEW YORK**                   represented by   **Anthony Enriquez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Lapointe**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cassandra Charles**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Chris Opila**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cody H. Wofsy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Coberly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joanna Cuevas Ingram**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leslie Karen Dellon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lynn Damiano Pearson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Decker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Telo Gillman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Emma Curtis Winger**
(See above for address)

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **U.S. DEPARTMENT OF HOMELAND SECURITY** | represented by | **Kartik Narayan Venguswamy** DOJ–USAO 601 D Street NW Washington, DC 20579 (202) 252–1790 Email: kartik.venguswamy@usdoj.gov *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Ernesto Horacio Molina , Jr.** U.S. DEPARTMENT OF JUSTICE PO BOX 878 Ben Franklin Station Washington, DC 20044 (202) 616–9344 Email: ernesto.h.molina@usdoj.gov *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **KRISTI NOEM** *in her official capacity as Secretary of the Department of Homeland Security* | represented by | **Kartik Narayan Venguswamy** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Ernesto Horacio Molina , Jr.** (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **U.S. CITIZENSHIP AND IMMIGRATION SERVICES** | represented by | **Kartik Narayan Venguswamy** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Ernesto Horacio Molina , Jr.** (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **KIKA SCOTT** *in her official capacity as Senior Official Performing the Duties of the Director,* | represented by | **Kartik Narayan Venguswamy** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Ernesto Horacio Molina , Jr.** |

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. IMMIGRATION AND**         represented by    **Kartik Narayan Venguswamy**
**CUSTOMS ENFORCEMENT**                            (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Ernesto Horacio Molina , Jr.**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**TODD M. LYONS**                represented by    **Kartik Narayan Venguswamy**
*in his official capacity as Acting Director,*     (See above for address)
*U.S. Immigration and Customs*                     *LEAD ATTORNEY*
*Enforcement*                                      *ATTORNEY TO BE NOTICED*

                                                   **Ernesto Horacio Molina , Jr.**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. CUSTOMS AND BORDER**      represented by    **Kartik Narayan Venguswamy**
**PROTECTION**                                     (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Ernesto Horacio Molina , Jr.**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**PETE R. FLORES**               represented by    **Kartik Narayan Venguswamy**
*in his official capacity as Acting*               (See above for address)
*Commissioner, U.S. Customs and Border*            *LEAD ATTORNEY*
*Protection*                                       *ATTORNEY TO BE NOTICED*

                                                   **Ernesto Horacio Molina , Jr.**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF JUSTICE**   represented by    **Kartik Narayan Venguswamy**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Ernesto Horacio Molina , Jr.**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAMELA J. BONDI**                    represented by   **Kartik Narayan Venguswamy**
*in her official capacity as Attorney*                  (See above for address)
*General*                                               *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Ernesto Horacio Molina , Jr.**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Amicus**

**IMMIGRATION REFORM LAW**              represented by   **Christopher Joseph Hajec**
**INSTITUTE**                                            IMMIGRATION REFORM LAW
                                                        INSTITUTE
                                                        25 Massachusetts Avenue, NW
                                                        Suite 335
                                                        Washington, DC 20001
                                                        (202) 232–5590
                                                        Fax: (202) 464–3590
                                                        Email: chajec@irli.org
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Matt A. Crapo**
                                                        IMMIGRATION REFORM LAW
                                                        INSTITUTE
                                                        25 Massachusetts Avenue, NW
                                                        Suite 335
                                                        Washington, DC 20001
                                                        571–435–3582
                                                        Email: mcrapo@irli.org
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/31/2025 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ADCDC–11578932) filed by CASA, INC., UNITED FARM WORKERS OF AMERICA, COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK. (Attachments: # 1 Civil Cover Sheet, # 2 Summons DHS, # 3 Summons Secretary of DHS, # 4 Summons USCIS, # 5 Summons Director of USCIS, # 6 Summons ICE, # 7 Summons Director of ICE, # 8 Summons CBP, # 9 Summons Commissioner of CBP, # 10 Summons DOJ, # 11 Summons Attorney General, # 12 Summons USAO)(Winger, Emma) (Entered: 03/31/2025) |
| 03/31/2025 | 2 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by COALITION FOR HUMANE IMMIGRANT RIGHTS, UNITED FARM WORKERS OF AMERICA, CASA, INC., MAKE THE ROAD NEW YORK (Winger, Emma) (Entered: 03/31/2025) |

| 03/31/2025 | 3 | NOTICE of Appearance by Emma Curtis Winger on behalf of All Plaintiffs (Winger, Emma) (Entered: 03/31/2025) |
|---|---|---|
| 03/31/2025 | 4 | MOTION to Stay *Effective Date*, MOTION for Preliminary Injunction , MOTION to Expedite *Consideration* by COALITION FOR HUMANE IMMIGRANT RIGHTS, UNITED FARM WORKERS OF AMERICA, CASA, INC., MAKE THE ROAD NEW YORK. (Attachments: # 1 Memorandum in Support, # 2 Declaration Angelica Salas, # 3 Declaration Elizabeth Strater, # 4 Declaration George Escobar, # 5 Declaration Sienna Fontaine, # 6 Text of Proposed Order)(Winger, Emma) (Entered: 03/31/2025) |
| 04/01/2025 |  | Case Assigned to Judge Trevor N. McFadden. (znmw) (Entered: 04/01/2025) |
| 04/01/2025 | 5 | SUMMONS (11) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(znmw) (Entered: 04/01/2025) |
| 04/01/2025 | 6 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jennifer Rae Coberly, Filing fee $ 100, receipt number ADCDC–11581163. Fee Status: Fee Paid. by COALITION FOR HUMANE IMMIGRANT RIGHTS, UNITED FARM WORKERS OF AMERICA, CASA, INC., MAKE THE ROAD NEW YORK. (Attachments: # 1 Exhibit Coberly Declaration, # 2 Good Standing Cert., # 3 Text of Proposed Order Proposed Order)(Dellon, Leslie) (Entered: 04/01/2025) |
| 04/01/2025 | 7 | NOTICE of Appearance by Chris Opila on behalf of All Plaintiffs (Opila, Chris) (Entered: 04/01/2025) |
| 04/01/2025 | 8 | NOTICE of Appearance by Cody H. Wofsy on behalf of All Plaintiffs (Wofsy, Cody) (Main Document 8 replaced on 4/3/2025) (mg). (Entered: 04/01/2025) |
| 04/01/2025 | 9 | NOTICE of Appearance by Ernesto Horacio Molina, Jr on behalf of All Defendants (Molina, Ernesto) (Entered: 04/01/2025) |
| 04/01/2025 |  | MINUTE ORDER: It is ORDERED that a telephonic scheduling conference shall be held today, April 1, 2025, at 4:30 p.m.. Dial–in information has been provided to the parties. SO ORDERED. Signed by Judge Trevor N. McFadden on 4/1/2025. (lctnm3). (Entered: 04/01/2025) |
| 04/01/2025 |  | Minute Entry for proceedings held before Judge Trevor N. McFadden: Telephonic Scheduling Conference held on 4/1/2025. Defendant's Opposition due by noon on 4/4/2025. Plaintiff's Reply due by noon on 4/7/2025. Motion Hearing set for 4/8/2025 at 10:00 AM in Courtroom 2 before Judge Trevor N. McFadden. (Court Reporter: Lisa Edwards.) (hmc) (Entered: 04/01/2025) |
| 04/02/2025 | 10 | NOTICE of Appearance– Pro Bono by Sarah Telo Gillman on behalf of All Plaintiffs (Gillman, Sarah) (Entered: 04/02/2025) |
| 04/02/2025 | 11 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michelle Lapointe, Filing fee $ 100, receipt number ADCDC–11586002. Fee Status: Fee Paid. by COALITION FOR HUMANE IMMIGRANT RIGHTS, UNITED FARM WORKERS OF AMERICA, CASA, INC., MAKE THE ROAD NEW YORK. (Attachments: # 1 Declaration, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order)(Opila, Chris) (Entered: 04/02/2025) |
| 04/03/2025 | 12 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Anthony Enriquez, Fee Status: No Fee Paid. by COALITION FOR HUMANE IMMIGRANT RIGHTS, UNITED FARM WORKERS OF AMERICA, CASA, INC., MAKE THE ROAD |

| | | |
|---|---|---|
| | | NEW YORK. (Attachments: # 1 Declaration, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order)(Gillman, Sarah) (Entered: 04/03/2025) |
| 04/04/2025 | 13 | MOTION for Order *To Provide Remote Public Telephonic Access to Courtroom for April 8, 2025 Hearing* by COALITION FOR HUMANE IMMIGRANT RIGHTS, UNITED FARM WORKERS OF AMERICA, CASA, INC., MAKE THE ROAD NEW YORK. (Attachments: # 1 Text of Proposed Order Proposed Order)(Dellon, Leslie) (Entered: 04/04/2025) |
| 04/04/2025 | | MINUTE ORDER: The 12 Motion for Leave to Appear Pro Hac Vice is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Trevor N. McFadden on 4/4/2025. (lctnm3). (Entered: 04/04/2025) |
| 04/04/2025 | | MINUTE ORDER granting 11 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Trevor N. McFadden on 4/4/2025. (lctnm3). (Entered: 04/04/2025) |
| 04/04/2025 | | MINUTE ORDER granting 6 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Trevor N. McFadden on 4/4/2025. (lctnm3). (Entered: 04/04/2025) |
| 04/04/2025 | 14 | NOTICE of Appearance by Michelle Lapointe on behalf of All Plaintiffs (Lapointe, Michelle) (Entered: 04/04/2025) |
| 04/04/2025 | 15 | Memorandum in opposition to re 4 Motion to Stay,, Motion for Preliminary Injunction,, Motion to Expedite, filed by TODD M. LYONS, U.S. CUSTOMS AND BORDER PROTECTION, PETE R. FLORES, U.S. DEPARTMENT OF JUSTICE, PAMELA J. BONDI, U.S. DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, KIKA SCOTT, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT. (Venguswamy, Kartik) (Entered: 04/04/2025) |
| 04/04/2025 | 16 | NOTICE of Appearance by Kartik Narayan Venguswamy on behalf of All Defendants (Venguswamy, Kartik) (Entered: 04/04/2025) |
| 04/04/2025 | 17 | NOTICE of Appearance by Jennifer Coberly on behalf of All Plaintiffs (Coberly, Jennifer) (Entered: 04/04/2025) |
| 04/04/2025 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Joanna Elise Cuevas Ingram, Filing fee $ 100, receipt number ADCDC–11592935. Fee Status: Fee Paid. by COALITION FOR HUMANE IMMIGRANT RIGHTS, UNITED FARM WORKERS OF AMERICA, CASA, INC., MAKE THE ROAD NEW YORK. (Attachments: # 1 Declaration, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order)(Opila, Chris) (Entered: 04/04/2025) |
| 04/04/2025 | 19 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Lynn Damiano Pearson, Filing fee $ 100, receipt number ADCDC–11593021. Fee Status: Fee Paid. by COALITION FOR HUMANE IMMIGRANT RIGHTS, UNITED FARM WORKERS OF AMERICA, CASA, INC., MAKE THE ROAD NEW YORK. (Attachments: # 1 Declaration, # 2 Exhibit Letter of Good Standing, # 3 Text of Proposed Order)(Opila, Chris) (Entered: 04/04/2025) |
| 04/05/2025 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting 18 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Trevor N. McFadden on 4/5/2025. (lctnm3). (Entered: 04/05/2025) |
| 04/05/2025 | | MINUTE ORDER granting 19 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Trevor N. McFadden on 4/5/2025. (lctnm3). (Entered: 04/05/2025) |
| 04/07/2025 | 20 | REPLY to opposition to motion re 4 Motion to Stay,, Motion for Preliminary Injunction,, Motion to Expedite, filed by CASA, INC., COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK, UNITED FARM WORKERS OF AMERICA. (Lapointe, Michelle) (Entered: 04/07/2025) |
| 04/07/2025 | 21 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Cassandra Charles, Filing fee $ 100, receipt number ADCDC–11596063. Fee Status: Fee Paid. by CASA, INC., COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK, UNITED FARM WORKERS OF AMERICA. (Attachments: # 1 Declaration, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order)(Opila, Chris) (Entered: 04/07/2025) |
| 04/07/2025 | | MINUTE ORDER: The 13 Motion for Order for Remote Access is DENIED. SO ORDERED. Signed by Judge Trevor N. McFadden on 4/7/2025. (lctnm3). (Entered: 04/07/2025) |
| 04/07/2025 | | MINUTE ORDER granting 21 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Trevor N. McFadden on 4/7/2025. (lctnm3). (Entered: 04/07/2025) |
| 04/07/2025 | 22 | NOTICE of Appearance by Sarah Decker on behalf of All Plaintiffs (Decker, Sarah) (Main Document 22 replaced on 4/8/2025) (mg). (Entered: 04/07/2025) |
| 04/08/2025 | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Motion Hearing held on 4/8/2025 re 4 MOTION to Stay *Effective Date,* MOTION for Preliminary Injunction, MOTION to Expedite *Consideration* filed by CASA, INC., UNITED FARM WORKERS OF AMERICA, COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK. Matter held under advisement. (Court Reporter: Lisa Edwards.) (hmc) (Entered: 04/08/2025) |
| 04/08/2025 | 23 | NOTICE of Appearance by Joanna Cuevas Ingram on behalf of All Plaintiffs (Cuevas Ingram, Joanna) (Entered: 04/08/2025) |
| 04/08/2025 | 24 | NOTICE of Appearance by Cassandra Charles on behalf of All Plaintiffs (Charles, Cassandra) (Entered: 04/08/2025) |
| 04/08/2025 | 25 | NOTICE of Appearance by Lynn Damiano Pearson on behalf of All Plaintiffs (Damiano Pearson, Lynn) (Entered: 04/08/2025) |
| 04/08/2025 | 26 | NOTICE OF SUPPLEMENTAL AUTHORITY by CASA, INC., COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK, UNITED FARM WORKERS OF AMERICA (Winger, Emma) (Entered: 04/08/2025) |
| 04/10/2025 | 27 | MEMORANDUM ORDER denying Plaintiffs' 4 Motion to Stay Effective Date or Motion for Preliminary Injunction in the Alternative. See attached Order for details. |

| | | Signed by Judge Trevor N. McFadden on 4/10/2025. (lctnm3). (Entered: 04/10/2025) |
|---|---|---|
| 04/15/2025 | 28 | TRANSCRIPT OF MOTION HEARING before Judge Trevor N. McFadden held on April 8, 2025; Page Numbers: 1–45. Date of Issuance:April 15, 2025. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/6/2025. Redacted Transcript Deadline set for 5/16/2025. Release of Transcript Restriction set for 7/14/2025.(Edwards, Lisa) (Entered: 04/15/2025) |
| 04/23/2025 | 29 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/1/2025. Answer due for ALL FEDERAL DEFENDANTS by 5/31/2025. (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
| 04/23/2025 | 30 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 4/8/2025. (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
| 04/23/2025 | 31 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PAMELA J. BONDI served on 4/8/2025 (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
| 04/23/2025 | 32 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. DEPARTMENT OF HOMELAND SECURITY served on 4/11/2025 (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
| 04/23/2025 | 33 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KRISTI NOEM served on 4/9/2025 (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
| 04/23/2025 | 34 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. DEPARTMENT OF JUSTICE served on 4/8/2025 (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
| 04/23/2025 | 35 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. TODD M. LYONS served on 4/7/2025 (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
| 04/23/2025 | 36 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT served on 4/10/2025 |

| | | (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
|---|---|---|
| 04/23/2025 | 37 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PETE R. FLORES served on 4/7/2025 (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
| 04/23/2025 | 38 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. CUSTOMS AND BORDER PROTECTION served on 4/7/2025 (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
| 04/23/2025 | 39 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. CITIZENSHIP AND IMMIGRATION SERVICES served on 4/10/2025 (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
| 04/23/2025 | 40 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KIKA SCOTT served on 4/7/2025 (Attachments: # 1 Exhibit Proof of Service)(Dellon, Leslie) (Entered: 04/23/2025) |
| 04/24/2025 | 41 | NOTICE OF APPEAL TO DC CIRCUIT COURT by CASA, INC., COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK, UNITED FARM WORKERS OF AMERICA. Filing fee $ 605, receipt number ADCDC–11643221. Fee Status: Fee Paid. Parties have been notified. (Lapointe, Michelle) (Entered: 04/24/2025) |
| 04/24/2025 | 42 | MOTION for Injunction *Pending Appeal* by CASA, INC., COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK, UNITED FARM WORKERS OF AMERICA. (Attachments: # 1 Exhibit A – Hearing Transcript, # 2 Exhibit B – Criminal Complaints Under 8 U.S.C. § 1306(a), # 3 Declaration Ex. C – Declaration of UFW Member Ana, # 4 Declaration Ex. D – Declaration of UFW Member Gloria, # 5 Declaration Ex. E – Declaration of CHIRLA Member Luisa, # 6 Declaration Ex. F – Declaration of CHIRLA Member Ursela, # 7 Declaration Ex. G – Declaration of CHIRLA Member Tiana, # 8 Declaration Ex. H – Declaration of MRNY Member Guvelia, # 9 Declaration Ex. I –Declaration of CASA Member YL, # 10 Declaration Ex. J – Declaration of CASA Member ME, # 11 Declaration Ex. K – Declaration of CASA Member JC, # 12 Declaration Ex. L – Declaration of CASA Member ALDC, # 13 Declaration Ex. M – Declaration of CASA Member NC, # 14 Declaration Ex. N – Declaration of CASA Member PH, # 15 Declaration Ex. O – Declaration of Milagros Cisneros, # 16 Text of Proposed Order)(Lapointe, Michelle) (Entered: 04/24/2025) |
| 04/25/2025 | 43 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 41 Notice of Appeal to DC Circuit Court,. (mg) (Entered: 04/25/2025) |
| 04/28/2025 | | USCA Case Number 25–5152 for 41 Notice of Appeal to DC Circuit Court, filed by CASA, INC., UNITED FARM WORKERS OF AMERICA, COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK. (mg) (Entered: 04/28/2025) |
| 04/29/2025 | 44 | ORDER setting briefing schedule on Plaintiffs' 42 Motion for Injunction Pending Appeal. Response due May 19, 2025. Reply due May 27, 2025. The parties are further ORDERED to appear for a motions hearing on June 6, 2025, at 11:00 a.m. in Courtroom 2 before Judge Trevor N. McFadden. See attached Order for details. Signed by Judge Trevor N. McFadden on 4/29/2025. (lctnm3). (Entered: 04/29/2025) |

| 05/19/2025 | 45 | Memorandum in opposition to re 42 MOTION for Injunction *Pending Appeal* filed by PAMELA J. BONDI, PETE R. FLORES, TODD M. LYONS, KRISTI NOEM, KIKA SCOTT, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. CUSTOMS AND BORDER PROTECTION, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. DEPARTMENT OF JUSTICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT. (Venguswamy, Kartik) (Entered: 05/19/2025) |
|---|---|---|
| 05/21/2025 | 46 | NOTICE of Appearance by Christopher Joseph Hajec on behalf of IMMIGRATION REFORM LAW INSTITUTE (Hajec, Christopher) (Entered: 05/21/2025) |
| 05/21/2025 | 47 | NOTICE of Appearance by Matt A. Crapo on behalf of IMMIGRATION REFORM LAW INSTITUTE (Crapo, Matt) (Entered: 05/21/2025) |
| 05/21/2025 | 48 | Unopposed MOTION for Leave to File Amicus Brief by IMMIGRATION REFORM LAW INSTITUTE. (Attachments: # 1 Amicus Brief, # 2 Proposed Order)(Hajec, Christopher) (Entered: 05/21/2025) |
| 05/22/2025 | | MINUTE ORDER: The 48 Motion for Leave to File Amicus Brief is DENIED WITHOUT PREJUDICE. The Brief fails to comply with FRAP 29(a)(4), as required by LCvR 7(o). SO ORDERED. Signed by Judge Trevor N. McFadden on 5/22/2025. (lctnm3). (Entered: 05/22/2025) |
| 05/23/2025 | 49 | MOTION for Leave to File Amicus Brief*(Corrected)* by IMMIGRATION REFORM LAW INSTITUTE. (Attachments: # 1 Corrected Amicus Brief, # 2 Proposed Order)(Hajec, Christopher) (Entered: 05/23/2025) |
| 05/23/2025 | 50 | REPLY to opposition to motion re 42 Motion for Injunction,,,, filed by CASA, INC., COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK, UNITED FARM WORKERS OF AMERICA. (Lapointe, Michelle) (Entered: 05/23/2025) |
| 05/27/2025 | | MINUTE ORDER: The 49 Motion for Leave to File Amicus Brief by Immigration Reform Law Institute is GRANTED. The Clerk of Court is directed to docket the [49−1] amicus curiae brief. SO ORDERED. Signed by Judge Trevor N. McFadden on 5/27/2025. (lctnm3). (Entered: 05/27/2025) |
| 05/27/2025 | 51 | AMICUS BRIEF by IMMIGRATION REFORM LAW INSTITUTE. (mg) (Entered: 05/27/2025) |
| 05/27/2025 | 52 | NOTICE of Appearance by Anthony Enriquez on behalf of CASA, INC., COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK, UNITED FARM WORKERS OF AMERICA (Enriquez, Anthony) (Entered: 05/27/2025) |
| 06/02/2025 | | MINUTE ORDER: In light of the briefing submitted by the parties, the hearing on the 42 Motion for Injunction Pending Appeal scheduled for 6/6/2025 is VACATED as unnecessary. The Court will take the matter under advisement and issue a memorandum order in due course. SO ORDERED. Signed by Judge Trevor N. McFadden on 6/2/2025. (lctnm3). (Entered: 06/02/2025) |
| 06/12/2025 | 53 | MEMORANDUM ORDER denying Plaintiffs' 42 Motion for Injunction Pending Appeal. See attached Order for details. Signed by Judge Trevor N. McFadden on 6/12/2025. (lctnm3). (Entered: 06/12/2025) |
| 06/18/2025 | 54 | MOTION for Preliminary Injunction , MOTION to Stay by CASA, INC., COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW |

| | | |
|---|---|---|
| | | YORK, UNITED FARM WORKERS OF AMERICA. (Winger, Emma) (Entered: 06/18/2025) |
| 06/18/2025 | 55 | MOTION to Expedite *Summary Judgment Briefing Schedule* by CASA, INC., COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK, UNITED FARM WORKERS OF AMERICA. (Attachments: # 1 Proposed Order)(Winger, Emma) (Entered: 06/18/2025) |
| 06/20/2025 | | NOTICE OF ERROR regarding 55 MOTION to Expedite *Summary Judgment Briefing Schedule*. Please note for future filings: Attorney signature– signature on document must match PACER login. (mg) (Entered: 06/20/2025) |
| 06/25/2025 | 56 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 53 Memorandum & Opinion by CASA, INC., COALITION FOR HUMANE IMMIGRANT RIGHTS, MAKE THE ROAD NEW YORK, UNITED FARM WORKERS OF AMERICA. Filing fee $ 605, receipt number ADCDC–11776560. Fee Status: Fee Paid. Parties have been notified. (Winger, Emma) (Entered: 06/25/2025) |
| 06/25/2025 | 57 | Unopposed MOTION for Extension of Time to File Response/Reply as to 54 MOTION for Preliminary Injunction MOTION to Stay by PAMELA J. BONDI, PETE R. FLORES, TODD M. LYONS, KRISTI NOEM, KIKA SCOTT, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. CUSTOMS AND BORDER PROTECTION, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. DEPARTMENT OF JUSTICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT. (Venguswamy, Kartik) (Entered: 06/25/2025) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.,* | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:25-cv-00943-TNM |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.,* | ) ) ) ) |
| Defendants. | ) |

**NOTICE OF APPEAL FROM DENIAL OF INJUNCTIVE RELIEF**

PLEASE TAKE NOTICE that Plaintiffs Coalition for Humane Immigrant Rights, United Farmworkers of America, CASA, Inc., and Make the Road New York hereby appeal to the U.S. Court of Appeals for the District of Columbia Circuit from this Court's June 12, 2025, Memorandum Order (ECF No. 53) denying Plaintiffs' motion for an injunction pending appeal.

Dated: June 25, 2025                     Respectfully submitted,

                                         */s/ Emma Winger*
                                         Emma Winger (DC Bar No. 90010721)
Lynn Damiano Pearson*                    Michelle Lapointe (DC Bar No. 90032063)
Cassandra Charles*                       Leslie K. Dellon (DC Bar No. 250316)
Joanna Cuevas Ingram*                    Chris Opila (DC Bar No. 90029724)
National Immigration Law Center          American Immigration Council
P.O. Box 34573                           PMB2026
Washington, D.C. 20043                   2001 L Street, NW, Suite 500
Tel: (213) 639-3900                      Washington, DC 20036
Fax: (213) 639-3911                      Tel: (202) 507-7645
damianopearson@nilc.org                  ewinger@immcouncil.org
charles@nilc.org                         mlapointe@immcouncil.org
cuevasingram@nilc.org                    ldellon@immcouncil.org
                                         copila@immcouncil.org

Jennifer R. Coberly (DDC Bar No. 90031302)   Cody Wofsy (DDC Bar No. CA00103)
American Immigration Lawyers Association      American Civil Liberties Union Foundation,
1331 G. St. NW                               Immigrants' Rights Project
Washington, DC 20005                         425 California St, 7th Floor

Tel: (202) 507-7692
Jcoberly@AILA.org

San Francisco, CA 94104
Tel: (415) 343-0770
cwofsy@aclu.org

Anthony Enriquez (DDC Bar No. NY0626)
Sarah T. Gillman (DDC Bar No. NY0316)
Robert F. Kennedy Human Rights
88 Pine Street, Suite 801
New York, NY 10005
(917) 284-6355
enriquez@rfkhumanrights.org
gillman@rfkhumanrights.org

Sarah E. Decker (DDC Bar No. NY0566)
Robert F. Kennedy Human Rights
1300 19th Street NW, Suite 750
Washington, DC 20036
(202) 559-4432
decker@rfkhumanights.org

*Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **COALITION FOR HUMANE IMMIGRANT RIGHTS**, et al., |
| Plaintiffs, |
| v. |
| **U.S. DEPARTMENT OF HOMELAND SECURITY**, et al., |
| Defendants. |

Case No. 1:25-cv-00943 (TNM)

**<u>MEMORANDUM ORDER</u>**

Advocacy organizations serving immigrant communities move for an injunction pending their appeal of this Court's denial of their motion for preliminary injunction. They again seek to halt an interim final rule issued by the Department of Homeland Security that creates a universal registration form for aliens. But the relief Plaintiffs seek is intentionally hard to come by. And they have not shown they will suffer irreparable harm without it. So the Court will not stop the executive branch from carrying out its duties during this litigation.

**I.**

For a more thorough version of the facts, the Court points to its previous Memorandum Order denying Plaintiffs' motion for a preliminary injunction. *See Coal. for Humane Immigrant Rts. v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-00943 (TNM), — F. Supp. 3d. —, 2025 WL 1078776, at *1–3 (D.D.C. Apr. 10, 2025). The gist of this dispute is as follows: In January 2025, the Department of Homeland Security published an Interim Final Rule creating a new registration form for illegal aliens, Form G-325R. *See* 90 Fed. Reg. 11793, 11795–96, 11800. This form filled a decades-long gap between statute and regulation.

Since 1940, immigration *statutes* have required aliens (excluding foreign government officials and their families) who are 14 years or older and have been in the country for at least 30 days to register and be fingerprinted. *See* Alien Registration Act of 1940, Pub. L. No. 76-670, 54 Stat. 670, 673–74 (codified at 8 U.S.C. § 451) (repealed 1952); Immigration and Nationality Act, Pub. L. No. 82-414, §§ 261–64, 66 Stat. 163, 223–25 (codified at 8 U.S.C. §§ 1201(b), 1301–1306) (1952). And for decades, the statutes have also required adult aliens to carry proof of registration "at all times." 8 U.S.C. § 1304(e). The "willful failure" to register or be fingerprinted is a crime punishable by a fine or up to six months of imprisonment. *Id.* § 1306(a).

The regulations have not always tracked. Over the years, immigration authorities have narrowed the list of registration forms. So the only available path to registration has been through preexisting forms that are only available to aliens with *legal* status, like the I-151 for lawful permanent residents or the Form I-94 for aliens with a record of lawful entry. *See* 15 Fed. Reg. 579, 579–80 (Feb. 2, 1950); 17 Fed. Reg. 11532, 11533 (Dec. 19, 1952). This means "the only aliens who are registered are those with legal immigration status; the regulations do not include a nondiscretionary registration form for an alien who entered illegally." *Coal. for Humane Immigrant Rts.*, 2025 WL 1078776, at *2.

The Form G-325R provides a pathway to registration for illegal aliens. Before it took effect, Plaintiffs filed this suit, seeking a stay of the effective date of the Interim Final Rule or, in the alternative, a preliminary injunction. *See* Mot. Stay, ECF No. 4, at 1. They argued the Interim Final Rule violates the Administrative Procedure Act. Compl., ECF No. 1, ¶¶ 103–09. Plaintiffs are a handful of nonprofit organizations serving immigrant communities: the Coalition for Humane Immigrant Rights Los Angeles (CHIRLA), United Farmworkers of America, Make

the Road New York, and CASA. *See* Compl. ¶¶ 6–13. These organizations are member-based and comprise many aliens and citizens who belong to mixed-status families.

The Court declined to grant the "extraordinary and drastic remedy" of a preliminary injunction. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). It found that Plaintiffs failed to meet their burden to show standing. *Coal. for Humane Immigrant Rts.*, 2025 WL 1078776, at *3. As for organizational standing, the Court concluded that CHIRLA—the only entity asserting organizational standing—had alleged "highly speculative" injuries that "sound[ed] in prospective fears." *Id.* at *5. More, the Court stressed that "CHIRLA [could not] demonstrate that the Interim Final Rule has 'perceptibly impaired' its mission." *Id.* (quoting *Nat'l Ass'n of Home Builders v. E.P.A.*, 667 F.3d 6, 12 (D.C. Cir. 2011)). Instead, CHIRLA had merely "expand[ed] its operations to address increased demands in the communities it serves." *Id.*

The same went for associational standing. First, the Court stressed that Plaintiffs failed to adduce sufficient evidence to support their claims that their individual members had standing to challenge the Interim Final Rule. *Id.* at *6. Because the "only allegations of concrete harm to individual members that Plaintiffs present[ed] [were] in the form of pseudonymous hearsay" that were themselves "contained in affidavits submitted by the organizations," "all the Court ha[d] to go on [was] hearsay-within-hearsay." *Id.* The Court declined to find standing based on double hearsay that "innately lack[ed] credibility." *Id.* at *7.

Plus, even if it did credit the evidence, Plaintiffs failed to meet their standing burden. The Court explained how "Plaintiffs' primary conception of their members' injury is that the members are 'directly regulated parties.'" *Id.* Yet, Plaintiffs cited no case law postdating *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), to persuade the Court that mere regulation

3

sufficed as a concrete injury. *Id.* Nor did Plaintiffs explain how simply being subject to a regulation satisfied the *TransUnion* test. *Id.*

More, the Court rejected Plaintiffs' attempts to derive standing from asserted constitutional harms. Their Fifth Amendment allegations faltered because "any claims that the members risk a violation of their right against self-incrimination [were] speculative and premature," given Plaintiffs did not "allege that any of their members ha[d] actually invoked their Fifth Amendment right, only to be rebuffed." *Id.* at 10. And their assertions that Form G-325R chilled their members' speech failed, as "allegations of a subjective chill are not adequate" to confer standing. *Id.* at 10 (quoting *United Presb'n Church in the U.S.A. v. Reagan*, 738 F.2d 1375, 1378 (D.C. Cir. 1984)). Because Plaintiffs did not show that their members "face[d] a credible threat of prosecution *for their speech* under a statute that appears to render their arguably protected speech illegal," the First Amendment could not undergird their standing claims. *Id.* (cleaned up).

Plaintiffs appealed the denial of the preliminary injunction, without seeking an emergency stay. Not. Appeal, ECF No. 43. Concurrently, they filed the present motion for an injunction pending appeal. Mot. Inj. Pending Appeal, ECF No. 42. With the motion, they file a dozen affidavits from their members. *See* Decls., ECF Nos. 42-3–42-14. The Government timely filed its opposition. Mem. Opp'n, ECF No. 45. The motion is now ripe for review.

## II.

Rule 62(d) of the Federal Rules of Civil Procedure governs injunctions pending appeal. The standards for evaluating such a motion are "substantially the same as those for issuing a preliminary injunction," meaning the movant must show that (1) "they are likely to succeed on the merits," (2) "they are likely to suffer irreparable harm in the absence of preliminary relief,"

(3) the balance of equities tips in their favor," and (4) "an injunction is in the public interest." *Alcresta Therapeutics, Inc. v. Azar*, 318 F. Supp. 3d 321, 324 (D.D.C.), *aff'd in part*, 755 F. App'x 1 (D.C. Cir. 2018) (per curiam).

While these motions are unusual, the plain language of Rule 62(d) "contemplates the possibility that the district court may grant an injunction pending appeal from an interlocutory order denying preliminary injunction." *MediNatura, Inc. v. Food & Drug Admin.*, 2021 WL 1025835, at *6 (D.D.C. Mar. 16, 2021); *see* Fed. R. Civ. P. 62(d) ("While an appeal is pending from an interlocutory order . . . that . . . refuses . . . an injunction, the court may . . . grant an injunction."). Namely, "in rare cases, the threat of irreparable harm may be so grave and the balance of equities may favor a plaintiff so decisively that an injunction pending appeal of a difficult or novel legal question may be proper." *MediNatura, Inc.*, 2021 WL 1025835, at *6. Affirmative injunctions—rather than stays—are especially disruptive and will be granted only sparingly lest Rule 62(d) undermine Rule 65. *Id.*

### III.

The Court denies the motion for an injunction pending appeal. Although Plaintiffs have remedied the Court's concerns about associational standing, they still fail to show irreparable harm. Given irreparable harm is an independent requirement for equitable relief, the Court will not provide the relief Plaintiffs seek.

### A.

Begin with standing. *See Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015) ("likelihood of success on the merits" encompasses "a substantial likelihood of standing."). On the second go-round, Plaintiffs have met their burden to show their members possess a "personal stake" in the case. *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

5

Associational standing permits an organization to bring suit on behalf of its members where its members "would otherwise have standing to sue in their own right"; where "the interests it seeks to protect are germane to the organization's purpose"; and where "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).  Plaintiffs have smoothened the stumbling blocks of the past; they now successfully assert associational standing.

First, they have resolved the evidentiary issues that plagued their preliminary injunction motion.  They have submitted a dozen affidavits from their members describing how the regulation affects them.  *See, e.g.*, Ana Decl., ECF No. 42-3, ¶ 9 ("I am fearful of getting arrested and sent to jail because I am not able to complete the form."); Gloria Decl. ¶ 11 ("I am fearful I will not be able to complete the registration properly or assist my minor son with it and that I could be arrested and separated from my family.").  Thus the Court no longer must rely on pseudonymous double-hearsay to assess the "irreducible constitutional minimum" of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Second, they have met their legal burden to explain that mere subjection to regulation confers a concrete injury, even following *TransUnion*.  *See Coal. for Humane Immigrant Rts.*, 2025 WL 1078776, at *7.  On this do-over, Plaintiffs present sufficient facts and case law that shows their members suffer an injury in fact by being "directly regulated parties."  Mot. Inj. Pending Appeal at 6; *see Corbett v. Transportation Security Admin.*, 19 F.4th 478, 483 (D.C. Cir. 2021) (holding that a frequent flyer challenging TSA plane mask mandate had standing to argue that the mandate was ultra vires); *Arizona v. Env't Prot. Agency*, 77 F.4th 1126, 1131 (D.C. Cir. 2023) (noting that in "cases involv[ing] rules that constrain[] what regulated parties can lawfully

do," "there is ordinarily little question of standing if the complainant is himself an object of the rule in question."). They also meet their burden to situate this injury in the *TransUnion* framework. Mot. Inj. Pending Appeal at 6.

Thus the first element of the *Hunt* test for associational standing is satisfied.

The latter two elements of the *Hunt* test are not difficult. Clearly the interests Plaintiffs seek to protect by filing this suit are germane to their purposes. *Hunt*, 432 U.S. at 343. Plaintiffs aim to improve the lives, protect the rights, and aid the needs of the immigrant communities they serve. Salas Decl., ECF No. 4-2, ¶¶ 2–4; Strater Decl., ECF No. 4-3, ¶¶ 5–6; Fontaine Decl., ECF No. 4-5, ¶¶ 3–4; Escobar Decl., ECF No. 4-4, ¶¶ 8–9. They see Form G-325R as imposing harms on the communities they aim to protect. And finally, this suit does not require the individual participation of Plaintiffs' members. *Hunt*, 432 U.S. at 343. "Member participation is not required where a suit raises a pure question of law"—and here, Plaintiffs bring solely legal claims under the APA. *Ctr. for Sustainable Econ. v. Jewell*, 779 F.3d 588, 597 (D.C. Cir. 2015) (cleaned up). Plaintiffs have accordingly remedied the previous shortcomings identified by the Court for their showing of associational standing.[1]

## B.

But just because Plaintiffs' members suffered an injury-in-fact does not mean they are experiencing *irreparable* harm. The Circuit has stated "time and time again that the degree of proof required for irreparable harm is high." *Olu-Cole v. E.L. Haynes Pub. Charter Sch.*, 930 F.3d 519, 529 (D.C. Cir. 2019) (cleaned up). The injury "must be both certain and great; it must

---

[1] "To establish jurisdiction, the court need only find one plaintiff who has standing." *Mendoza v. Perez*, 754 F.3d 1002, 1010 (D.C. Cir. 2014). Still, the Court adopts in full its findings from the previous Order that CHIRLA lacks organizational standing. *Coal. for Humane Immigrant Rts.*, 2025 WL 1078776, at *6. More, since none of the organizations have suffered a cognizable injury, none of their asserted harms can be the basis for a finding of irreparable injury, either. *See Taylor v. Resol. Tr. Corp.*, 56 F.3d 1497, 1508 (D.C. Cir.), *opinion amended on reh'g*, 66 F.3d 1226 (D.C. Cir. 1995).

7

be actual and not theoretical and of such imminence that there is a clear and present need for equitable relief." *Id.* This burden is not insurmountable. But it does ensure that the purposefully extraordinary remedy of an injunction is withheld until grave injury is banging on a movant's door.

Plaintiffs have a few different theories for why their members will suffer irreversible injury in the absence of equitable relief. But none of these theories avails.

First, they insist that their members "do not speak English and have difficulty accessing the Internet, putting them at imminent risk of prosecution and detention for failure to register." Mot. Inj. Pending Appeal at 16 (citing Ana Decl. ¶¶ 5, 8; Gloria Decl. ¶¶ 7, 9). But this does not suffice to show irreparable harm. For one, "the mere threat of potential future prosecution is insufficient to establish irreparable harm for exercising equitable jurisdiction." *Lindell v. United States*, 82 F.4th 614, 620 (8th Cir. 2023). If the rule were otherwise, "the district court's exercise of its equitable jurisdiction would not be extraordinary, but instead quite ordinary," as "every potential defendant could point to the same harm and invoke the equitable powers of the district court." *Id.*; *accord D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 327 (6th Cir. 2019); *Ramsden v. United States*, 2 F.3d 322, 326 (9th Cir. 1993).

More, Plaintiffs have not shown that actual prosecution and detention is imminent for any one of their members. True, they file a handful of criminal complaints to show that prosecutions have begun for failure to register in a couple of jurisdictions. *See* Criminal Complaints, ECF No. 42-2. But there is no averment that the aliens charged are members of Plaintiffs' organizations. And these criminal complaints were filed in Arizona and Louisiana. *See generally id.* None of Plaintiffs' members who submitted affidavits reside in these states. The fact that a few U.S.

Attorneys have filed a clutch of charges against non-members elsewhere in the country says little about any danger CHIRLA's members face.

In short, numerous steps—many involving discretion and randomness—would have to occur before one of Plaintiffs' members was subject to prosecution.  But there is no proof that even a single step has been taken toward that end.  Thus while Plaintiffs' motion "establishes that [their members] may suffer irreparable harm at some point in the future, there is no indication that the harm is imminent."  *White v. Florida*, 458 U.S. 1301, 1302 (1982).

Second, Plaintiffs gesture toward an informational harm they claim is irreparable.  They argue that members "must undergo the G-325R process to register and provide far more information to the government" than they had under other immigration forms.  Mot. Inj. Pending Appeal at 16.  And Plaintiffs stress that "the G-325R process contains none of the statutory confidentiality provisions" that other registration avenues provide, such as the U-Visa and the Violence Against Women Act.  *Id.*  According to Plaintiffs, their members "face irreparable harm from the IFR's requirement to provide personal information that Defendants explicitly intend to use for immigration enforcement."  *Id.*

Plaintiffs cite no case law to support their argument.  And the Court is unaware of any circuit or Supreme Court precedent that finds the provision of personal data to government officials to be an irreparable injury.  Instead, courts evaluating informational harm as irreparable typically require *dissemination* of that information to the public or private individuals who are under no obligation to safeguard it, like a private information broker or a competitor.  *Univ. of Cal. Student Ass'n v. Carter*, 766 F. Supp. 3d 114, 121 (D.D.C. 2025).  Plaintiffs do not even allege that the data is at risk being disseminated or misused—only that sharing the data with the Government for legitimate reasons is *itself* an irreparable injury.  But courts in this district have

"consistently declined" to find irreparable injury in the absence of a threat of leakage. *All. for Retired Americans v. Bessent*, No. CV 25-0313 (CKK), 2025 WL 740401, at *21 (D.D.C. Mar. 7, 2025) (cleaned up); *see also Ashland Oil, Inc. v. F.T.C.*, 409 F. Supp. 297, 308 (D.D.C.), *aff'd*, 548 F.2d 977 (D.C. Cir. 1976) (holding plaintiff failed to show irreparable harm where his data was shared with a congressional subcommittee and there was no imminent threat of "public dissemination or disclosure to [plaintiff's] competitors."). "Under th[e]se circumstances, a court can fashion adequate corrective relief after the fact," if it comes to that. *Bessent*, 2025 WL 740401, at *21.

Finally, Plaintiffs try to raise a couple of constitutional injuries to make their showing of irreparable harm. But these attempts fall flat.

For one, they claim their members are irreparably harmed because Form G-325R chills their First Amendment activity by requiring them to disclose their organizing and advocacy work. Mot. Inj. Pending Appeal at 16. But there is a crucial mismatch here. Plaintiffs expressly state that they are not bringing constitutional claims, only claims under the APA. *Id.* at 8. The Court is unaware of any cases—outside of narrow, speech-related employment law disputes[2]—where "chilling" suffices as irreparable harm when no First Amendment violation has been alleged. Indeed, courts evaluating chill-as-irreparable-harm often acknowledge that the inquiry is inextricably intertwined with the viability of a First Amendment claim. That is, courts recognize that plaintiffs are unlikely to be chilled unless they are likely to be successful on their claim that the challenged governmental action violated the First Amendment. *See, e.g.*, *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 511 (4th Cir. 2002) ("In this case, as the district court recognized, the irreparable harm that Carandola alleged is inseparably linked to its claim of

---

[2] *See, e.g.*, *Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 91 (2d Cir. 1983).

violation of First Amendment rights. Determination of irreparable harm thus requires analysis of Carandola's likelihood of success on the merits."); *Blum v. Schlegel*, 830 F. Supp. 712, 724 (W.D.N.Y. 1993), *aff'd*, 18 F.3d 1005 (2d Cir. 1994) ("A showing of a chilling effect must amount to a clearcut infringement of first amendment rights which, absent preliminary injunctive relief, either has occurred or will occur in the future.").  In short, a plaintiff cannot willy nilly allege a chilling of her speech without alleging a concomitant violation of her First Amendment rights.  *See Wagner v. Taylor*, 836 F.2d 566, 576 n.76 (D.C. Cir. 1987) ("[T]he finding of irreparable injury cannot meaningfully be rested on a mere contention of a litigant, but depends on the appraisal of the validity, or at least the probable validity, of the legal premise underlying the claim of right in jeopardy of impairment.").  Because Plaintiffs have expressly disclaimed any constitutional challenge, this attempt at irreparable harm must fail.

Plaintiffs also insist their members will suffer irreparable harm by being forced to disclose charged and uncharged criminal conduct on the Form G-325R.  Mot. Inj. Pending Appeal at 8, 17.  According to Plaintiffs, this burdens their members' Fifth Amendment rights against self-incrimination.  *Id.*  But for the reasons stated in the Court's prior opinion, this argument is bootless.  Again, "a Fifth Amendment self-incrimination claim is not ripe until a claim of the privilege is actually made." *Carman v. Yellen*, 112 F.4th 386, 404 (6th Cir. 2024).  But there is no allegation that any of their members have sought to invoke their right, or that penalties would accompany such an invocation.  "At this point, then, any claims that the members risk a violation of their right against self-incrimination are speculative and premature." *Coal. for Humane Immigrant Rts.*, 2025 WL 1078776, at *10.  Without even a ripe injury to their members, Plaintiffs cannot assert that there is an irreparable one.

*    *    *

11

Plaintiffs could not have met their burden to show irreparable harm even if this were a motion for preliminary injunction.  But Rule 62(d) suggests that the demand is higher still when a party is seeking a stay pending the appeal of a denial of a preliminary injunction.  *Accord MediNatura, Inc.*, 2021 WL 1025835, at *6 ("[I]n rare cases, the threat of irreparable harm may be *so grave* and the balance of equities may favor a plaintiff so decisively than an injunction pending appeal of a difficult or novel legal question may be proper.") (emphasis added). Plaintiffs have not shown that irrevocable and irremediable injury has come knocking.  Indeed, they never moved for an emergency stay of the Court's prior order, suggesting that no such emergency exists.  This alternative effort to seek a do-over in this Court is permissible, but disfavored.  Put simply, Plaintiffs are not entitled to this form of extraordinary relief.

**IV.**

In short, though Plaintiffs' members have experienced a concrete injury by virtue of incurring new legal obligations under the Rule, Plaintiffs have not shown an imminent *irreparable* injury.  Because that is a freestanding requirement for the issuance of an injunction, the Court will not exercise its equitable authority here.  Plaintiffs' [42] Motion for Injunction Pending Appeal is accordingly **DENIED.**

**SO ORDERED.**

Dated: June 12, 2025                                    _____
                                                              TREVOR N. McFADDEN, U.S.D.J.