UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, et al., <br>    *Plaintiffs* <br><br>v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, et al., <br>    *Defendants*. | Case No. 1:25-cv-00943 (TNM) |

**PLAINTIFFS' MOTION TO LIFT STAY**

Plaintiffs respectfully move the Court to lift the stay entered on July 10, 2025 so that Plaintiffs may move for summary judgment, as set forth below.

1. This case is a challenge to an Interim Final Rule ("IFR") establishing a new system of universal noncitizen registration, breaking with 75 years of agency practice. *See* Order, ECF 27 at 2-4. Plaintiffs, four organizations with members who are required to register under the IFR, sued and sought a preliminary injunction and stay under 5 U.S.C. § 705. On April 10, this Court denied the motion, holding that Plaintiffs lacked standing to sue. *Id*. at 6-20. The Court did not address the merits of Plaintiffs' Administrative Procedure Act ("APA") claim. *Id*.

Plaintiffs appealed and sought an injunction pending appeal from this Court on April 24. ECF No. 42. This Court denied that motion on June 12, 2025. ECF No. 53. In that Order, the Court concluded that "Plaintiffs have met their burden to show their members" have standing. *Id*. at 5. However, the Court found that Plaintiffs failed to establish irreparable injury. *Id*. at 7-12. The Court did not reach the merits of Plaintiffs' APA claim. *Id*.

On June 18, 2025, Plaintiffs filed a renewed motion for a stay or preliminary injunction pending appeal asking the Court to clarify the basis of its denial of preliminary relief for

1

purposes of appeal. ECF No. 54. That same day, Plaintiffs filed a motion for an expedited summary judgment briefing schedule. ECF No. 55. Plaintiffs maintained that moving directly to summary judgment would permit the Court to promptly resolve Plaintiffs' claims without reconsidering the Court's decision denying preliminary relief, because irreparable injury is not part of the analysis for vacatur under the APA. *Id.* at 3.

On July 10, 2025, the Court denied Plaintiffs' motion for expedited summary judgment briefing and sua sponte stayed this case pending resolution of Plaintiffs' appeals before the D.C. Circuit "to conserve judicial resources." ECF No. 64. By the time of this Court's July 10 Order, Plaintiffs had appealed the Court's denial of preliminary relief, the Court's denial of a stay pending appeal, and the Court's constructive denial of Plaintiffs' renewed motion for a preliminary injunction. *See* ECF No. 41; ECF No. 56; ECF No. 62. Also pending before the court of appeals were Plaintiffs' two motions for a stay or preliminary injunction pending appeal.

On August 12, 2025, the court of appeals denied Plaintiffs' motions for a stay or injunction pending appeal in an order finding that they had "not satisfied the stringent requirements" for that relief. Doc. No. 2129682. The court of appeals then ordered that the consolidated appeals be expedited, with briefing to conclude by November 6, 2025, and oral argument to follow. *Id.* at 2.

2. This Court has discretion to stay proceedings "incident to its power to control its own docket." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "[I]n 'the exercise of [that] judgment,'" the Court must "'weigh competing interests and maintain an even balance' . . . between the [C]ourt's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S.

2

248, 254-55 (1936)). Thus, where one party seeks a stay, courts consider: "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay — that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources." *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 20. The same factors should be considered when the Court weighs a stay on its own motion. *See Belize Soc. Dev.*, 668 F.3d at 732-33; *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 20.

With respect to harm to Plaintiffs, Plaintiffs have articulated a range of harms they and their members are suffering because the IFR has gone into effect. ECF No. 4-1 at 36-41; ECF No. 42 at 16-17 (identifying a risk of prosecution under unlawfully promulgated rule, the chilling effect on protected speech, inability to access the registration process, threat of removal of those with pending applications for congressionally authorized relief). Plaintiffs will continue to be subject to the IFR for the duration of this Court's stay while waiting for a decision from the court of appeals. While this Court has concluded that Plaintiffs' injuries do not rise to the level of irreparable harm, there is nevertheless a "fair possibility" that continuing this stay "'will work damage to' Plaintiffs' interests." *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 21 (quoting *Landis*, 299 U.S. at 255).

On the other side of the ledger, there can be no comparable harm to Defendants from lifting the stay. The IFR is in effect. Plaintiffs merely seek to proceed to summary judgment so that the Court can decide the merits of their claims for the first time. Defendants have already fully responded to Plaintiffs' APA claims—both before this Court and before the court of appeals. There is no harm to Defendants to proceeding to summary judgment.

Finally, with respect to judicial economy, permitting Plaintiffs' claims to proceed to summary judgment may conserve judicial resources by potentially rendering Plaintiffs' appeals

moot and bringing this case closer to a final resolution. If the Court were to resolve Plaintiffs' summary judgment motion before the D.C. Circuit decides their appeal, it may render it unnecessary for the court of appeals to rule, especially where the Court's basis for denying relief—a lack of irreparable harm—is not necessary to grant Plaintiffs' summary judgment. If Plaintiffs prevail on their merits claims, "the normal remedy" would be to vacate the offending IFR. *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014). And while vacatur may be inappropriate in some circumstances, failure to abide by notice-and-comment procedures "is a 'fundamental flaw' that almost always requires vacatur." *Id*. (quoting *Heartland Reg'l Med. Ctr. v. Sebelius,* 566 F.3d 193, 199 (D.C. Cir. 2009)); *see Nat. Res. Def. Council v. Wheeler*, 955 F.3d 68, 85 (D.C. Cir. 2020) (same). Irreparable injury is not part of the analysis, and so the Court's determination that Plaintiffs have not shown irreparable harm is no barrier to affording vacatur relief. *Oglala Sioux Tribe v. U.S. Nuclear Regul. Comm'n*, 896 F.3d 520, 535 (D.C. Cir. 2018) ("The irreparable harm standard . . . is not the standard for the 'less drastic' APA remedy of vacatur."); *cf Allina Health Servs.*, 746 F.3d at 1109 ("We have not been hospitable to government claims of harmless error in cases in which the government violated § 553 of the APA by failing to provide notice. The most egregious are cases in which a government agency seeks to promulgate a rule by another name—evading altogether the notice and comment requirements.").

In the alternative, if the Court permits the parties to proceed to summary judgment but does not resolve that motion before the D.C. Circuit rules on Plaintiffs' pending appeals, the case will nevertheless be fully briefed and ready to move quickly to final judgment, incorporating whatever guidance is included in the D.C. Circuit decision. The legal issues are clear and have already been fully briefed before the Court. Plaintiffs' pending appeals regarding the Court's

4

decisions denying preliminary relief that were not based on the merits should be no barrier to resolving this APA case on summary judgment. *See Soc'y for Animal Rts., Inc. v. Schlesinger*, 512 F.2d 915, 918 (D.C. Cir. 1975) (denying injunction pending appeal but "assum[ing] that the case will proceed forward expeditiously in the district court despite the pendency of the [28 U.S.C.] § 1292(a) appeal in this court").

Plaintiffs conferred with Defendants regarding this motion, who indicated they oppose it.

## CONCLUSION

The Court should lift the stay pending resolution of Plaintiffs appeals so that the case may proceed to summary judgment.

Dated: August 21, 2025

Respectfully submitted,

*/s/ Emma Winger*

| | |
|---|---|
| Lynn Damiano Pearson* | Emma Winger (DC Bar No. 90010721) |
| Cassandra Charles* | Michelle Lapointe (DC Bar No. 90032063) |
| Joanna Cuevas Ingram* | Leslie K. Dellon (DC Bar No. 250316) |
| National Immigration Law Center | Chris Opila (DC Bar No. 90029724) |
| P.O. Box 34573 | American Immigration Council |
| Washington, D.C. 20043 | PMB2026 |
| Tel: (213) 639-3900 | 2001 L Street, NW, Suite 500 |
| Fax: (213) 639-3911 | Washington, DC 20036 |
| damianopearson@nilc.org | Tel: (202) 507-7645 |
| charles@nilc.org | ewinger@immcouncil.org |
| cuevasingram@nilc.org | mlapointe@immcouncil.org |
| | ldellon@immcouncil.org |
| | copila@immcouncil.org |
| | |
| Jennifer R. Coberly (DDC Bar No. 90031302) | Cody Wofsy (DDC Bar No. CA00103) |
| American Immigration Lawyers Association | American Civil Liberties Union Foundation, |
| 1331 G. St. NW | Immigrants' Rights Project |
| Washington, DC 20005 | 425 California St, 7th Floor |
| Tel: (202) 507-7692 | San Francisco, CA 94104 |
| Jcoberly@AILA.org | Tel: (415) 343-0770 |
| | cwofsy@aclu.org |

5

Anthony Enriquez (DDC Bar No. NY0626)
Sarah T. Gillman (DDC Bar No. NY0316)
Robert F. Kennedy Human Rights
88 Pine Street, Suite 801
New York, NY 10005
(917) 284-6355
enriquez@rfkhumanrights.org
gillman@rfkhumanrights.org

Sarah E. Decker (DDC Bar No. NY0566)
Robert F. Kennedy Human Rights
1300 19th Street NW, Suite 750
Washington, DC 20036
(202) 559-4432
decker@rfkhumanights.org

\* *Admitted Pro Hac Vice*